STATE of Wisconsin, Plaintiff-Respondent,

v.

Amos J. SMITH, Defendant-Appellant.

Court of Appeals

*No. 83–1072–CR.  Submitted on briefs January 30, 1984.—*
*Decided May 17, 1984.*
(Also reported in 351 N.W.2d 752.)

For the defendant-appellant the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. Mc Dermott,* assistant attorney general.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

GARTZKE, P.J. Amos Smith appeals from a judgment convicting him on two counts of second-degree sexual assault and one count of burglary, secs. 940.225 (2)(a) and 943.10(1)(a), Stats. He contends that the trial court should have granted his pretrial motion to suppress his statement to the police and to dismiss the complaint. The primary issue is whether the police unlawfully seized defendant before he gave the statement. The preliminary issues are whether he lost his right to challenge the order denying his suppression motion because he failed expressly to allege that he based his motion on the fourth and fourteenth amendments to the United States Constitution and failed to object to use of the statement at the trial. We find no waiver. We sustain the trial court's finding that Smith voluntarily cooperated with the police and was not seized. We therefore affirm.

A detective testified at the suppression hearing that the morning of January 19, 1982, he and another detective went to defendant's apartment. Defendant answered the door. The officers told him that his name had come up during a sexual assault investigation and asked if he was willing to accompany them to the police station. He agreed to do so. At the station he was taken to an interview room and advised of his rights. After he stated that he was with the victim on the night of the assault, he was charged.

The detective testified that he did not think the police had probable cause to arrest the defendant at the time of the initial contact. According to the detective, had defendant refused to accompany them to the station they would have left without him, and had he attempted to leave later, they would not have restrained him. When asked why defendant had to be interrogated at the police station, the detective said that the officers wanted to talk without interruptions. Defendant's apartment was not

used because other people were there and the squad car was not used because it was winter.

Defendant testified that the detectives did not tell him the nature of the investigation but simply showed their badges and said, "We would like to speak to you downtown." They did not tell him he was arrested and used no handcuffs or weapons.

The trial court found that when the officers contacted defendant they had a reasonable, articulable suspicion to investigate him. This finding is uncontested. The court also found that defendant voluntarily accompanied the officers to the station, that he was arrested after he admitted being with the victim on the night of the sexual assault, and that he voluntarily waived his right to remain silent.

## 1. *Constitutional Ground Adequately Raised*

The state contends that defendant waived the right to base his argument on appeal on the fourth amendment to the United States Constitution, which protects persons against unreasonable seizure. The state asserts that defendant based his motions in the trial court on other constitutional provisions.

Defendant's unmistakeable intent was to raise the legality of his detention. The motion to suppress states in part that defendant's "statements were the product of an unlawful detention and arrest. *Dunaway v. New York*, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979)." The motion to dismiss the complaint states in part "that there was not probable cause to arrest the Defendant . . . ." One issue in *Dunaway v. New York*, 442 U.S. 200, 207–08 (1979), was whether the police violated the fourth and fourteenth amendments when, without probable cause to arrest, they took petitioner into custody, transported him

to the police station, and detained him there for interrogation. At the evidentiary hearing the state's attorney said that testimony would be offered on the issue whether probable cause existed to arrest. The trial court's decision on the motions included findings that defendant voluntarily accompanied the officers to the station and was not under arrest until he admitted he had been with the victim.

## 2. *Objection at Trial Unnecessary*

The state argues that a defendant whose pretrial suppression motion has been denied will lose the right to appellate review on that issue unless he again objects at trial to use of the evidence. Because the cases the state cites from other jurisdictions do not control the result in Wisconsin, we resolve the question in light of our own criminal procedure.

Section 971.31(10), Stats., provides: "An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty." We conclude that if the right of appeal from a pretrial order survives a guilty plea, then the right survives a conviction, regardless whether defendant objects at the trial to admission of the suppressed evidence. Our conclusion is reinforced by the useless and futile nature of a second objection lodged after the trial court has already ruled on the issue.

## 3. *Lack of Detention*

We turn to the question whether the police illegally seized defendant before he made the statements to the police. Evidence obtained as a result of a seizure which

violates a defendant's fourth amendment rights will be suppressed. *Terry v. Ohio,* 392 U.S. 1, 29 (1968).

Whether defendant was seized is a question of constitutional fact. The trial court's findings regarding the historical facts surrounding defendant's detention will not be overturned unless they are clearly erroneous. Sec. (Rule) 805.17(2), Stats. Whether a seizure occurred which invoked fourth amendment protections is a constitutional fact which an appellate court determines independently. *State v. Woods,* 117 Wis. 2d 701, 715–16, 345 N.W.2d 457, 465 (1984).

A person is seized when the actions of law enforcement officials restrict his or her freedom of movement. *Terry,* 392 U.S. at 19 n. 16. The test is objective. A seizure occurs only if, under the circumstances, "a reasonable person would have believed that he was not free to leave." *Florida v. Royer,* —— U.S. ——, ——, 75 L. Ed. 2d 229, 239 (1983) (White, J., plurality opinion, joined by Marshall, J., Powell, J., and Stevens, J.) (quoting *United States v. Mendenhall,* 446 U.S. 544, 554 [1980] [Stewart, J., plurality opinion, joined by Rehnquist, J.] [footnote omitted]). The circumstances include physical contact, the threatening presence of several officers, the display of weapons, and the use of language or tone indicating that compliance with the officer's request might be compelled. *Mendenhall,* 446 U.S. at 554. Whether a seizure occurred does not depend on the defendant being told that he did not have to cooperate. *Id.* at 555.

We conclude on the facts before us that defendant unreasonably believed he had no choice whether to speak to the officers or accompany them to the station. The detectives displayed no weapons, did not use or threaten to use physical force, and their words did not indicate compulsion. The detectives simply asked defendant if he would accompany them to the station for questioning.

That they did not question defendant at his home does not, under the circumstances, imply that the defendant had to accompany them.

We conclude that no seizure occurred. Defendant's statements were properly admitted.

*By the Court.*—Judgment affirmed.